**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10674 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-01419-DGC-1 |
| v. | |
| MICHAEL ROCKY LANE, AKA Michael Lane, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted August 12, 2015
San Francisco, California

Before: REINHARDT, NOONAN, and CALLAHAN, Circuit Judges.

Michael Rocky Lane appeals his conviction for manufacturing and

distributing controlled substance analogues—including MDPV, a-PVP, and a-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

PBP[1]—in violation of the Controlled Substance Analogue Enforcement Act (Analogue Act). *See* 21 U.S.C. §§ 802(32)(A), 813, 841. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The Analogue Act is not unconstitutionally vague as applied in this case. The district court required the government to prove that Lane knew he was dealing with controlled substance analogues, satisfying the Supreme Court's subsequent holding in *McFadden v. United States*, 135 S.Ct. 2298 (2015). This scienter requirement "alleviate[s] vagueness concerns." *Id.* at 2307 (alteration in original); *see also United States v. Turcotte*, 405 F.3d 515, 531 (7th Cir. 2005) ("The circuit courts considering this issue have unanimously held that the CSA's Analogue Provision is not unconstitutionally vague.").

The district court did not abuse its discretion in allowing drug users to compare their experiences with the alleged analogues and common illegal stimulants. The district court admitted comparisons with cocaine and methamphetamine on the condition that the government lay the necessary foundation, requiring the government to show that MDPV or methcathinone (the controlled substances alleged to have similar chemical structures) also have similar

---

[1]     MDPV is an acronym for 3,4-methylenedioxypyrovalerone; a-PVP is an acronym for alpha-Pyrrolidinopentiophenone; and a-PBP is an acronym for alpha-Pyrrolidinobutiophenone.

pharmacological effects. This conditional admission was not error. *See United States v. Gere*, 662 F.2d 1291, 1294 (9th Cir. 1981).

The district court did not abuse its discretion in excluding evidence about pyrovalerone, a Schedule V controlled substance, as irrelevant and confusing. Lane argues that the excluded evidence was relevant on the premise that he could not be found guilty if he could prove that the alleged analogues were closer to pyrovalerone than to methcathinone or MDPV. This premise is not supported by the statutory language or the caselaw.

The district court did not err in using methcathinone to calculate Lane's base offense level for sentencing. The district court properly considered the factors listed in the Sentencing Guidelines to determine the most closely related controlled substance referenced in the guideline. U.S. SENTENCING GUIDELINES MANUAL § 2D1.1 cmt. n.6 (2014). Given the evidence presented at sentencing, the district court's determination that methcathinone was the most closely related substance was not clearly erroneous.

**AFFIRMED.**